UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                           DECISION AND ORDER
                                                  11-CR–085

DALE LOCKWOOD, et al

                          Defendants.

## **INTRODUCTION**

Defendant Dale Lockwood ("Defendant") is charged, along with eleven other defendants, with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of Section 846(a)(1) and 841(b)(1)(A) of Title 21 of the United States Code, all in violation of 21 U.S.C. §846. (*Docket #1*) Defendant was arraigned on March 3, 2011, at which time he entered a plea of not guilty. (*Docket #2*) The case was referred to Magistrate Judge Hugh B. Scott for all pre-trial proceedings.

A detention hearing was held on March 7, 2012. At that time, Magistrate Judge Scott determined that Defendant was a flight risk and presented a danger to the community, and ordered that he be detained pending trial. On September 27, 2011 Defendant moved for reconsideration of the detention order. (*Docket #84*) A motion hearing was held with respect to Defendant's request for

reconsideration on December 2, 2011. (*Docket #86*) On March 28, 2012 Magistrate Judge Scott issued a Decision and Order denying Defendant's motion for reconsideration and ordering that Defendant was to remain in custody pending trial. (*Docket #92*)

In denying the motion for reconsideration of bail, Magistrate Judge Scott noted there were serious discrepancies between the information in Defendant's motion and the information he provided to pretrial services, and therefore the Court had serious concerns with Defendant's level of candor during his pretrial interview. Magistrate Judge Scott also found that Defendant presented a danger to the community, noting that at the time of Defendant's arrest, a bulletproof vest and seven loaded weapons, including an Uzi submachine gun and a defaced firearm, were found at Defendant's residence. The Decision and Order denying bail was not appealed by Defendant.

Pre-trial motions were resolved, with respect to all defendants, on or around March 27, 2012. A meeting to set a trial date was scheduled on March 28, 2012. On April 3, 2012, all twelve defendants, including Defendant Lockwood, appeared before this Court to select a date for trial. (*Docket #94*) At that time, the Government indicated that it anticipated that the trial would last about a month. The trial was then scheduled for February 12, 2013, since that was the first time that counsel for all defendants could be available. The Court questioned defense counsel regarding their unavailability. (*Docket #94*) The

2

Court then determined that, in the interest of justice and due to the need to maintain continuity of counsel, the various periods of unavailability were properly excluded from the time in which the trial must commence pursuant to Section 3161(h)(7)(A) and Section 3161(h)(7)(B)(iv) of the Speedy Trial Act.[1] However, counsel for Defendant Lockwood objected to the February 2013 trial date because his client was in custody.[2] He indicated that he would be filing a motion for severance.

On May 21, 2012 Defendant Lockwood filed the instant motion requesting that his case be severed from the remaining co-defendants and an immediate trial scheduled. He argues that there will be unfair prejudice since he will have to remain in jail "during the anticipated period of extended pre-trial delay." For the following reasons, Defendant's motion for severance is denied.

## **DISCUSSION**

Federal Rule of Criminal Procedure 8(b) provides for joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." A "non-frivolous" conspiracy charge is sufficient to support the joinder of defendants. *United States v. Uccio*, 917 F.2d 80, 87 (2d. Cir. 1990)

---

[1] A Speedy Trial Order (April 3, 2012 through February 12, 2013) was issued by this Court on June 11, 2012. (*Docket #103*)

[2] The other eleven defendants in this case are currently on pre-trial release.

Federal Rule of Criminal Procedure 14(a) permits the district court to sever a defendant's trial if it appears that either the government or the defendant will be prejudiced by the joinder. Severance is a matter of discretion left to the district court. *United States v. Stirling*, 571 F.2d 708, 733 (2d Cir. 1978) A defendant bears the burden of showing that prejudice from a joint trial "is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials". *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998) In fact, Rule 14 does not require severance even if prejudice is shown. *United States v. Friedman*, 854 F.2d 535, 563 (2d Cir. 1988) Instead, the defendant must show "prejudice so substantial as to amount to a miscarriage of justice". *Id.* at 563.

Defendant Lockwood maintains that failure to sever him from the other defendants will compromise his statutory and constitutional rights to a speedy trial, violate his rights under the Eighth Amendment of the Constitution and cause undue prejudice. The Court finds these arguments to be without merit.

1. *Speedy Trial Act*

Contrary to the arguments set forth in Defendant's motion papers, his right to a speedy trial does not mandate severance pursuant to Federal Rule of Criminal Procedure 14. Although the Speedy Trial Act states that a criminal defendant must be tried within 70 days of his indictment or initial appearance, Section 3161(h)(6) of the Act specifically allows for a "reasonable period of delay when a defendant has been joined for trial with co-defendants as to whom the

4

time for trial has not run, and no motion for severance has been granted." See 18 U.S.C. §3161(h)(6); *United States v. Blash*, 43 Fed. Appx. 399 (2d Cir. 2002) The Second Circuit has confirmed that in multi-defendant cases, "there is a single speedy trial clock and ...delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants". *United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986)

Congress has acknowledged that the purpose of Section 3161(h)(6) of the Speedy Trial Act was to ensure that the rules of severance were not altered, and that the government was not forced to prosecute the first defendant ready for trial separately or be subject to a speedy trial dismissal action. *Pena,* F.2d at 489; A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974*, at 134, 136 (1980) (Section 3161(h)(6) was enacted "to permit courts to continue their observation of judicial efficiency, by which defendants who are properly charged with the joint commission of an offense should ordinarily be tried together to save the time, inconvenience and expense of separate proceedings)*; United States v. Novak*, 715 F.2d 810, 814 (3d Cir. 1983) (Congress intended this exclusion to be "expansively construed") Thus, reasonable speedy trial time should be excluded when necessary to enable joint trials to go forward. *Pena,* 793 F.2d at 489.

When, like in the instant case, a defendant makes a severance motion, the court must examine the reasonableness of any delay caused by a co-defendant before time under the Speedy Trial Act can be excluded as against the

5

complaining defendant. *United States v. Orville*, 937 F.2d 816 (2d Cir. 1991); *United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995) (The only inquiry to be made in such multi-defendant cases is whether the delay is "reasonable".)

Here, twelve defendants have been properly joined. The trial is anticipated to take approximately one month. During the April 2012 meeting to set a trial date, it was determined that February 12, 2013 was the first time that all defendants' counsel were available for such a lengthy trial. At that time, this Court concluded that the ends of justice served by excluding time under the Speedy Trial Act until February 12, 2013, in order to ensure continuity of counsel and proceed with a joint trial, outweighed the best interest of the defendants and the public in a speedy trial. In reviewing that determination, the Court finds that it was reasonable and appropriate to exclude the time as to Defendant Lockwood, despite the fact that he was ready and willing to proceed sooner, in order to conduct a joint trial rather than hold separate proceedings.

The delay was especially reasonable here, given the strong preference in the federal system for joint trials of defendants indicted together. *United States v. Blount*, 291 F.3d 201, 208-09 (2d. Cir. 2002). In *Richardson v. Marsh*, the Supreme Court explained the rationale for this preference:

> It would impact both the efficiency and the fairness of the criminal justice system to require...that prosecutors bring separate proceedings, presented the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried

> defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability–advantages which sometimes operate to the defendant's benefit.

481 U.S. 200, 210 (1987) *See also United States v. Jimenez*, 824 F. Supp. 351, 366 (SDNY 1993) ("The risk of prejudice attendant in a joint trial are presumptively outweighed by the conservation of time, money and scarce judicial resources that a joint trial permits.")

The Second Circuit has held that once a defendant has been properly joined, a district court should grant severance only if the defendant can show that the prejudice resulting from a joint trial would be so severe as to amount to a miscarriage of justice and the denial of a constitutionally fair trial. *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) Defendant Lockwood is unable to make this necessarily high showing. He has not demonstrated that a February 2013 trial date will compromise one of his trial rights or prevent the jury from making a reliable judgment of his guilt or innocence. Indeed, Defendant has not alleged that a joint trial will cause him any undue prejudice, other than the fact that he will be incarcerated the entire time he is awaiting trial. This is not enough to overcome the strong interests of fairness, judicial economy and judicial efficiency, which would be best served by combining the trial of these twelve defendants who were indicted together and whose charges all arise out of the same set of operative facts.

7

Moreover, because Defendant did not seek review of the Magistrate Judge's pretrial detention ruling, Defendant's argument that his continued incarceration is unduly prejudicial is misplaced in the context of his motion for severance.[3] In *United States v. El-Gabrowny*, the Southern District of New York rejected defendant's argument that severance from his co-defendants and an early trial was necessary because, absent a severance, he would remain incarcerated for over two years before the charges against him were resolved. 1994 U.S. Dist. LEXIS 1878 (SDNY 1994). The Court, noting that the only prejudice cited by the defendant was denial of a speedy trial, found that the severance motion was basically a reargument of the defendant's bail application. The Court dismissed the severance motion on multiple grounds stating, *inter alia*, "it may be that this severance motion should be regarded as a part of and supplementary to [defendant's] bail motion". *Id.*; *See also United States v. Astra Motor Cars*, 352 F.Supp. 2d 367 (EDNY 2005) (incarceration alone is not a factor addressed by either Rule 8 or Rule 14).

---

[3] In the very last line of his motion for severance, Defendant states, in a conclusory fashion, that "in the alternative and to avoid prejudice [Defendant] requests reconsideration of his pretrial detention order." Defendant makes this request without discussing any of the statutory factors set forth in 18 U.S.C. §3142(g) or 18 U.S.C. §3142(f)(2)(B). Further, Defendant has not appealed Magistrate Judge Scott's detention order pursuant to 18 U.S.C. §3145. Since Defendant has not asserted any basis on which this Court may review the pretrial detention order, the Court declines to consider this argument. If Defendant intends to appeal Magistrate Judge Scott's order of detention, he is directed to file a motion setting forth the specific legal and factual basis for his appeal.

Similarly here, Defendant's sole basis in moving for severance is the anticipated length of his pre-trial detention. As explained above, Defendant's incarceration alone will not support a claim of prejudice sufficient to warrant severing him from the other defendants in this case. If Defendant is seeking release from pretrial detention, his claims would have been more appropriately raised in an application for bail.

2. <u>Sixth Amendment</u>

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy trial." *See* US Const., ament VI. The Supreme Court has set forth four factors to be considered when evaluating whether there has been a constitutional speedy trial violation, including: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Defendant argues that his constitutional rights will be violated since, by the time the trial commences in February 2013, he will have been incarcerated for approximately two years. With respect to the first *Barker* factor, the Second Circuit has held that any delay in excess of eight months constitutes presumptive prejudice. *United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992); *Barker*, 407 U.S. at 530 (unless the delay is in excess of eight months, examination of the other *Barker* factors in unnecessary) However, presumptive prejudice "cannot

alone carry a Sixth Amendment claim without regard to the other Barker criteria." *Doggett v. United States*, 505 US 647 (1992)

The second *Barker* factor relates to the reason for the delay. "[W]here there is no evidence that the [Government] delayed the trial in bad faith, or to disadvantage the defendant, the second factor does not weigh in the defendant's favor." *United States v. Leeper*, 2009 US Dist. LEXIS 119813 (WDNY 2009) Here, the delay is a result of a combination of the filing and disposition of pre-trial motions and the unavailability of all defense counsel prior to February 12, 2013. There is absolutely no evidence of bad faith or purposeful delay on the part of the Government. In fact, Defendant took part in the pre-trial motion practice that lasted a little over one year.

The third *Barker* factor relates to whether the defendant has asserted his right to a speedy trial. Here, Defendant filed the instant motion for severance soon after the trial date was set. This factor weighs in his favor.

The fourth factor of the *Barker* test, prejudice to the defendant, is considered most significant since "the inability of a defendant to adequately prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532. Defendant has asserted no concrete examples of prejudice. Instead, he claims that his continued incarceration makes it difficult to assist his counsel in trial preparation and that it is "virtually impossible" for him to listen to the wiretap evidence with his attorney while in the Chautauqua County jail. While his

incarceration may present some logistical difficulties for his attorney, it certainly will not prevent Defendant from preparing for trial or result in undue prejudice. Defendant does not allege that his defense will be prejudiced by the death or unavailably of a witness, nor does he give the Court any reason to believe that a February 12, 2013 trial date will prevent him from adequately preparing his case. *See Rayborn v. Scully*, 858 F.2d 84, 94 (2d Cir. 1988) (Second Circuit holding that although a showing of prejudice is not a prerequisite to finding a Sixth Amendment violation, "courts generally have been reluctant to find a [constitutional] speedy trial violation in absence of genuine prejudice".)

Finally, the fact that Defendant will have been incarcerated for approximately two years at the start of the trial is not unduly oppressive or prejudicial. *Leeper*, 2009 US Dist. LEXIS 119813 at *16 (22 months of incarceration, without more, cannot satisfy the fourth *Barke*r factor); *United States v. Vasquez*, 918 F.2d 329, 338 (2d Cir. 1990) (holding 26 months incarceration acceptable); *United States v. Paul*, 326 F. Supp. 2d 382, 388-89 (EDNY 2004) ("While a lengthy period of incarceration is relevant to the Sixth Amendment prejudice analysis, it is not dispositive."); *United States v. Howard*, 443 Fed. Appx. 596 (2d Cir 2011) (Second Circuit finding that defendant was not denied his constitutional right to a speedy trial where nearly three and a half years elapsed between defendant's arrest and his guilty plea where a significant portion of the delay was the result of pretrial motions and defendant suffered no prejudice

as a result of the delay); *United States v. Blash*, 43 Fed. Appx. 399, 401 (2d Cir. 2002) (17 month delay between arrest and trial was not uncommonly long or unreasonable in a multi-defendant case, did not prejudice the defendant and did not result in a constitutional violation)

In evaluating the four *Barker* factors, this Court finds that while the first and third factors tend to weigh in Defendants's favor, the second and the fourth, the most significant factor, weigh decidedly against him. Further, the instant case is analogous to the Second Circuit case law discussed above where trial delays of approximately two years or more did not violate an incarcerated defendant's constitutional rights where no prejudice had occurred, there was no bad faith on the part of the Government, and at least part of the delay was attributable to defendant. This Court concludes that Defendant's rights under the Sixth Amendment have not been violated.

3. *Due Process*

Defendant Lockwood also argues that failure to sever him and hold an immediate trial violates his right, under the Eighth Amendment, to be free from "cruel and unusual punishment". However, the Second Circuit has held that the "cruel and unusual punishment" proscription of the Eighth Amendment does not apply to defendants being held prior to trial, since a pre-trial detainee is not being punished. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009); *Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996) (When [defendant] needed medical attention, he was

a pretrial detainee, not a person who had been convicted, and hence the Eighth Amendment did not apply)

As a pretrial detainee, Defendant cannot bring a claim under the Eighth Amendment. Instead, rights of individuals who have not yet been convicted are protected by the due process clause of the Fifth Amendment. *Weyant*, 101 F.3d at 855. However, even when the Court evaluates Defendant's Eighth Amendment argument as raising due process issues, the Court finds Defendant's contentions to be without merit.

The government may detain a defendant prior to trial consistent with the due process clause of the Fifth Amendment as long as the confinement does not amount to "punishment of the detainee". *United States v. Millan*, 4 F.3d 1038 (2d Cir. 1993); *United States v. Salerno*, 481 U.S. 739, 746-47 (1987) ("Pretrial detention satisfies due process only if its purpose is regulatory rather than punitive.") The due process limitations on detention require "assessment on a case-by-case basis, since due process does not necessarily set a bright-line limit for length of pretrial confinement". *Id.*; quoting *United States v. Salerno*, 794 F.2d 64, 78-79 (2d. Cir. 1986)

To resolve challenges to pre-trial detention in the context of due process challenges, the Second Circuit has established a three factor test that assesses: (1) the length of detention; (2) the extent to which the prosecution is responsible for delaying the start of the trial; and (3) the strength of the evidence upon which

13

the detention was based. *United States v. Orena*, 986 F.2d 628, 631 (2d Cir. 1993)

Length of detention, which includes future detention that is not speculative, will rarely by itself offend due process. *Orena,* F.2d at 631 ("Congress rejected any specific time limit under the Bail Reform Act for detention pending trial, instead relying on the Speedy Trial Act.") Importantly, the Second Circuit has upheld periods of pretrial detention in excess of two years. *See e.g., United States v. Millan*, 4 F.3d 1038, 1048 (upholding detention of nearly 31 months for alleged narcotics trafficker); *United Stated v. El-Gabrowny*, 35 F.3d 63, 64-65 (finding that twenty-seven months of projected incarceration awaiting trial did not offend due process)

Furthermore, there has been no purposeful delay by the Government. Instead, the delay is a result of pre-trial motions and the fact that the Court had to accommodate the schedules of all twelve defendants' counsel in order to proceed with a joint trial. With respect to the evidence upon which detention was based, Magistrate Judge Scott issued a detailed Decision and Order denying Defendant's motion for bail on the basis that he is a danger to the community and a flight risk. Therein, Magistrate Judge Scott noted that there were glaring discrepancies between the information in Defendant's motion papers regarding Defendant's employment, living situation, and ownership of various residences, and the information contained in the pretrial services report. Magistrate Judge

Scott concluded that these discrepancies cast significant doubt on Defendant's honesty during his pretrial interview, and enhanced the Court's concern that Defendant may try to evade prosecution if given the opportunity to do so. Magistrate Judge Scott also noted that Defendant had prior convictions for attempted possession of a loaded firearm and felony drug possession. Most notably, Magistrate Judge Scott recognized that at the time of Defendant's arrest, seven loaded firearms, including an Uzi submachine gun and a defaced firearm, as well as a bulletproof vest, were found at his residence. Thus, it appears that Magistrate Judge Scott's decision to deny bail was sound and based on compelling evidence.

These factors, taken together, indicate that Defendant has not suffered a violation of his due process rights.

## **CONCLUSION**

For all of the foregoing reasons, Defendant Dale Lockwood's motion for severance is denied in its entirety.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 12, 2012