UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                         v.

DEWEY TAYLOR,
WILLIAM SZYMANSKI,
DALE LOCKWOOD,
ANTHONY BURLEY,
VAN MILLER,
                         Defendants.

**ORDER**
11-CR-85-A

---

      The defendant, Anthony Burley, is charged with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. The conspiracy is alleged to have begun sometime prior to in or about 2006 and to have been continuing up to the date of the return of the Indictment on March 2, 2011.

      Defendant Burley has filed a motion *in limine* to preclude admission of evidence during the government's case in chief relating to cocaine base seized from defendant's residence on March 3, 2011. The defendant contends evidence seized the morning after the Indictment was returned by the Grand Jury is inadmissible as outside the scope of the charged conspiracy.

      Defendant Burley relies upon a recent unpublished Summary Order of the Second Circuit Court of Appeals in *United States v. Rijo,* No. 11-860-CR, 2013 WL

276082 (2d Cir. Jan. 25, 2013) in which the Court of Appeals reiterated familiar and well-settled Fed. R. Evid. 404(b) doctrine that:

> A district court abuses its discretion when it admits other act evidence with a high possibility of jury misuse but with only slightly more probative value than other evidence on the same issue.

2013 WL 276082 at *2 (quotation omitted).

Defendant Burley argues that the cocaine base seized from his residence on March 3, 2011 — less than one day after the Indictment alleging the narcotics-trafficking conspiracy with which the defendant is charged ended on March 2, 2011 — is necessarily *other-act* evidence subject to the strictures of Fed. R. Evid. 404(b). Defendant argues that evidence relating to the seized cocaine base must therefore be precluded from the trial to avoid risk that the jury will improperly consider it as evidence that defendant has a character trait of being a drug-user or a drug-trafficker.

Federal Rule of Evidence 404(b) provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* Such evidence is, however, admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.*

Defendant Burley argues that expected testimony concerning ten clear plastic baggies containing a total of slightly less that one gram of cocaine base that were

2

found floating in a toilet at his residence at 12 Norway Park, Buffalo, New York, shortly after law enforcement agents arrived to execute a warrant for his arrest early on the morning on March 3, 2011, should be precluded from admission into evidence because it would lead to a "High possibility of jury misuse and has little probative value."

However, the Second Circuit Court of Appeals has cautioned that, where an indictment charges a conspiracy, evidence of acts done in furtherance of the conspiracy are considered part of the very act charged and are not considered Rule 404(b) other-act evidence. *United States v. Concepcion,* 983 F.2d 369, 392 (2d Cir. 1992); *see e.g.*, *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). It is well established that evidence is admissible as direct evidence of a conspiracy if it: (i) "arose out of the same transaction or series of transactions as the charged offense"; (ii) "is inextricably intertwined with the evidence regarding the charged offense"; or, (iii) "is necessary to complete the story of the crime on trial." *Carboni*, 204 F.3d at 44 (cited with approval in *United States v. Hsu,* 669 F.3d 112, 118 (2d Cir. 2012)). Testimony by a law enforcement agent concerning 10 clear plastic baggies of cocaine base found floating in a toilet at defendant's residence shortly agents arrived to execute a warrant for his arrest on March 3, 2011 for the narcotics-conspiracy charged in the Indictment is therefore properly considered as direct evidence of the alleged conspiracy.

The Court notes that in the recent *Rijo* Summary Order upon which defendant Burley relies, the Court of Appeals stressed that it was error for the trial court to

admit testimony of an uncharged instance of possession of narcotics occurring at a point in time after a conspiracy had terminated to be admitted as other-act evidence probative specifically of the defendant's knowing participation in an earlier-ending conspiracy. That is not the same as this case, however, where the cocaine base found at the defendant's residence shortly after he answered the door for arresting agents is offered by the government as directly probative of the defendant's role in the cocaine-trafficking conspiracy charged in the Indictment.

The Indictment in this case alleges a conspiracy *"continuing up to"* the date of the return of the Indictment; it does not affirmatively allege that the conspiracy actually terminated on that date. The Court finds no material variance from the Indictment in admitting proof the defendant possessed cocaine base under circumstances reasonably consistent with a failed attempt to flush it down a toilet early the morning of the day after the Indictment was returned. Based upon the evidence admitted during the trial so far and proffered in support of the government's argument, the Court finds defendant Burley's alleged possession of the 10 small plastic baggies of cocaine base seized from his residence on March 3, 2011 to be intrinsically relevant to the conspiracy charged in the Indictment. The cocaine base is evidence specific to the offense charged.

Nevertheless, before ruling on the admissibility of defendant Burley's alleged March 3, 2011 cocaine base possession, the Court must consider under Fed. R. Evid. 403 whether the probative value of the evidence is substantially outweighed by a risk of unfair prejudice. Rule 403 of the Federal Rules of Evidence authorizes the

exclusion of relevant evidence only if its "[p]robative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Unfair prejudice under Rule 403 "may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006)(quotation omitted). To warrant excluding evidence under this Rule, "[t]he prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *Id.*

Any unfair prejudice must substantially outweigh the evidence's probative value. Fed. R. Evid. 403. Here, the evidence of possession of approximately a gram of cocaine base is certainly not "more inflammatory that the charged crime" of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990); see also *United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006). Of course, all relevant evidence in a criminal case is prejudicial in the sense of disadvantaging a defendant, but that is not enough to make evidence unfairly prejudicial and to justify precluding it from evidence pursuant to Rule 403.

Under all the circumstances, and for the reasons stated above, the Court finds defendant Burley's motion *in limine* to preclude the expected testimony in the

government's case in chief surrounding defendant Burley's alleged March 3, 2013 possession of cocaine base as improper Rule 404(b) evidence is denied.  The Court also finds the evidence admissible under Rule 403 because it has probative value that is not substantially outweighed by unfair prejudice.

     SO ORDERED.

                       *s/ Richard J. Arcara*
                       HONORABLE RICHARD J. ARCARA
                       UNITED STATES DISTRICT JUDGE

DATED: May 2, 2013